■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM A. GEIER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). Prior to sentencing, the People filed a predicate felony statement

asserting that defendant had been convicted of grand larceny in the third degree upon his plea of guilty on October 9, 1981. Defendant admitted that he was the same person previously convicted, but claimed that the prior conviction, based upon an *Alford* plea *(see, North Carolina v Alford,* 400 US 25), was unconstitutionally obtained because he was denied effective assistance of counsel. Following a hearing pursuant to CPL 400.21, the court found no constitutional infirmity in defendant's prior felony conviction and concluded it could serve as a predicate felony for the purpose of sentencing defendant as a second felony offender.

When a defendant challenges his previous felony conviction on the ground that the conviction was unconstitutionally obtained, it is incumbent upon him to prove the facts underlying his claim (CPL 400.21 [7] [b]; *People v Harris,* 61 NY2d 9, 15). In our view, defendant did not sustain that burden.

The record reveals that defendant received "meaningful representation" within the constitutional mandate *(see, People v Baldi,* 54 NY2d 137, 147). In addition, defendant's *Alford* plea of guilty represented "a voluntary and intelligent choice among the alternative courses of action open to defendant" *(North Carolina v Alford, supra,* at 31; *cf., People v Harris, supra,* at 19). Although defendant was concerned about his poor health and physical condition, he nevertheless indicated he was willing to give up his right to trial by jury in return for a nonjail sentence. Thus, the court properly concluded that defendant's prior conviction could serve as a predicate felony for the purpose of sentencing defendant as a second felony offender. (Appeal from judgment of Monroe County Court, Wisner, J.—criminal possession of weapon, third degree.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.