■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WINSTON SMITH, Respondent.—Order, Supreme Court, New York County (Jerome Hornblass, J.), rendered April 11, 1991, which set aside a jury verdict convicting defendant of criminal possession of a weapon in the third degree, unanimously reversed, on the law, to reinstate the verdict and reduce it to a conviction for criminal possession of a weapon in the fourth degree, and the matter remanded for sentence.

Defendant was charged with robbery in the third degree,

grand larceny in the fourth degree and criminal possession of a weapon in the third degree arising from allegations that he had attempted to steal a ring from a former girlfriend and shortly thereafter had threatened her male companion with a knife. The possession count was based on allegations that defendant possessed a dangerous instrument with intent to use it unlawfully against another, thereby committing the crime of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), a class A misdemeanor, and that he had been previously convicted of a crime, thereby enhancing the charge to criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), a class D felony.

Under CPL 200.60, when a defendant, as here, is charged with an offense which has as an element the fact that the defendant has a prior conviction, the prosecution is required to follow certain statutory procedures (see, People v Cooper, 78 NY2d 476). The prior offense may not be alleged in the indictment, but must be charged separately in a special information. Moreover, the court must, "[a]fter commencement of the trial and before the close of the people's case" (CPL 200.60 [3]), arraign the defendant on the information and advise the defendant that he or she may admit the prior conviction, deny it, or remain mute. If the defendant admits the prior conviction it will be considered to have been established, and no reference may be made to, or evidence adduced to prove, that element of the crime. Since a defendant's admission relieves the prosecution from proving an element of the crime, the failure to arraign the defendant and either obtain an admission or offer proof of the crime before the close of the prosecution's evidence renders the prosecution's case insufficient as a matter of law (see, People v Ireland, 47 AD2d 580; People v Garcia, 46 AD2d 611).

In this case, it is undisputed that the prosecution never sought to have defendant arraigned on the special information charging him with the fact that he had previously been convicted of attempted robbery in the second degree. At the close of the prosecution's case, counsel moved for a trial order dismissing all of the charges and specifically argued that, as to the possession count, "there's absolutely no evidence on the People's case which would indicate that the defendant has previously been convicted of a crime," to which the prosecutor merely responded, "I do not have to introduce the prior crime in front of the jury. That's all based on the certificate of previous conviction, which has been filed with the Grand Jury." The court did not rule at this time, merely stating that

the defense should put on its case and "make motions afterwards." However, after a verdict was rendered, which acquitted the defendant of all charges except that of criminal possession of a weapon in the third degree, the court set aside the verdict and dismissed the remaining charge.

Under these circumstances, we agree with the trial court that defendant's conviction for criminal possession of a weapon in the third degree may not stand. A motion for a trial order of dismissal made at the close of the prosecution's evidence is addressed solely to the legal sufficiency of the evidence introduced up to that point, regardless of whether the court reserves decision until after a verdict is rendered (CPL 290.10 [1]). We therefore reject the prosecution's argument that evidence submitted on the defense case, i.e., defendant's own admission, made in accordance with a pretrial *Sandoval* ruling, that he had previously been convicted of a crime, was relevant to the court's consideration of counsel's motion. Legally sufficient evidence is defined in CPL 70.10 (1) as "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof; except that such evidence is not legally sufficient when corroboration required by law is absent." Here, the prosecution neither obtained the defendant's admission nor presented any evidence at all that defendant had previously been convicted of a crime, and there was not, therefore, at the close of the prosecution's case, legally sufficient evidence of the crime charged herein.

Nor do we find merit in the contention that counsel did not adequately preserve the claim that the prosecution's failure to arraign the defendant prior to the close of its case rendered its evidence insufficient. Counsel's motion clearly and specifically preserved defendant's sufficiency claim. Indeed, it was the prosecutor who misstated the law concerning the requirements of CPL 200.60 and there is certainly no merit to the prosecution's further contention that counsel's subsequent motion to set aside the verdict, in which he specifically referred to the fact that the prosecution had not fulfilled its obligations as defined by CPL 200.60, somehow narrowed the issue to an argument that the failure to arraign defendant constituted a mere procedural error.

The prosecution further argues that, even if the court properly found that the evidence was not sufficient to support the count charging defendant with criminal possession of a weapon in the third degree, it should have simply reduced the conviction to one for the lesser included offense of criminal

possession of a weapon in the fourth degree. This argument has merit.

Under the Criminal Procedure Law, if the court herein had ruled immediately on the motion for a trial order of dismissal at the close of the prosecution's case, it could not have dismissed the subject count of the indictment if the evidence were at least sufficient to sustain a lesser included offense (CPL 290.10 [1] [a]). However, in such a case the court would not have submitted the greater charge to the jury, but only the greatest lesser included offense which was supported by legally sufficient trial evidence as of the time the motion was made (see, People v Congilaro, 60 AD2d 442). In this case, the court, as it was fully entitled to do, reserved decision on the motion for a trial order of dismissal until after the verdict was rendered. The statute provides that, in such a case, if the court finds that the motion should have been granted upon the ground that the trial evidence, at the time the motion was made, was not legally sufficient to establish either the offense charged or any lesser included offense, it shall set aside the verdict and dismiss that count. In light of these provisions, it appears that, in this case, the court was not entitled to simply dismiss the count at issue if the evidence was, at the time the motion was made, sufficient to sustain a lesser included offense. Instead, it should have reduced the conviction to the greatest lesser included offense supported by legally sufficient evidence as of the time the motion was made. Since there was legally sufficient evidence to support the lesser included offense of criminal possession of a weapon in the fourth degree, we find that the court should have reduced defendant's conviction to one for that crime.

We note that, on this appeal, it is beyond our purview to reach the issue of whether the evidence of defendant's guilt of criminal possession of a weapon in the fourth degree was sufficient as a matter of law in the sense that, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements beyond a reasonable doubt (see, Jackson v Virginia, 443 US 307, 319; People v Contes, 60 NY2d 620; People v Carthrens, 171 AD2d 387). While, unfortunately, the terminology used to refer to these standards is interchangeable, this standard clearly differs from the statutory definition for "legally sufficient evidence" which is set out in CPL 70.10 (supra) and which was the only one at issue on the within motion for a trial order of dismissal and therefore on this appeal. The decision of the trial court which set aside the verdict makes

clear that it did not make findings as to, or base its decision on whether, the evidence was sufficient, as a matter of due process, to establish defendant's commission of criminal possession of a weapon in the fourth degree, and no such issue is therefore before us on this appeal, in which we may only consider issues raised by errors or rulings adverse to the appellant (CPL 470.15 [1]). Concur—Milonas, J. P., Ellerin, Kupferman, Asch and Kassal, JJ.