■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ZAYAS, Appellant. [609 NYS2d 9] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered November 23, 1992, convicting defendant, after jury trial, of robbery in the first degree, and sentencing him to a term of 5 to 15 years, unanimously affirmed.

Defendant's *in limine* application to the trial court did not outline any specific proposed questioning of the complainant based upon the witness' employment records, and thus defendant did not preserve by appropriate record his current claim that the trial court improperly restricted his cross-examination of the complainant *(People v Olivo,* 52 NY2d 309, 320). In any event, as defense counsel cross-examined the complainant extensively on the issue of his sobriety at the time of the incident, as well as the effect of his addictions on his employment status, and did not attempt to offer the subject employment records into evidence, the existent record belies defendant's current claim that the trial court improperly restricted defendant's cross-examination of the complainant on relevant issues.

The trial court appropriately exercised its discretion in denying defendant's motion for a mistrial on the ground of unsolicited testimony regarding an alleged exculpatory statement made by defendant to explain his presence near the scene of the robbery *(People v Ortiz,* 54 NY2d 288, 292). Any possible prejudice to defendant in this connection was obviated by the trial court's prompt curative instruction, striking the question and unsolicited response. Defendant's trial counsel took no exception to the court's instruction, which tracked the language specifically requested by defense counsel, and it is presumed that the jurors understood and followed the court's direction not to consider the stricken testimony in their deliberations *(People v Davis,* 58 NY2d 1102, 1104). Concur—Rosenberger, J. P., Kupferman, Rubin and Williams, JJ.