THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIE LONG, Appellant. [617 NYS2d 97] —Judgment unanimously affirmed. Memorandum: Following a second felony offender hearing, defendant was sentenced as a second felony offender predicated upon a prior *nolo contendere* plea in North Carolina for solicitation to commit murder. Defendant contends that she was improperly sentenced as a second felony offender because: (1) her *nolo contendere* plea in North Carolina does not constitute a conviction within the purview of Penal Law § 70.06; (2) her conviction in North Carolina for solicitation to commit murder is not equivalent to a felony in New York; and (3) the prior conviction was obtained in violation of her constitutional rights. We disagree.

Initially, we conclude that the People fulfilled their burden of establishing the prior felony conviction beyond a reasonable doubt. Defendant failed to establish that her North Carolina conviction was obtained in violation of her constitutional rights *(see,* CPL 400.21 [7] [b]; *People v Harris,* 61 NY2d 9, 15; *see also, People v Geier,* 144 AD2d 1015).

Defendant argues that, because she entered a plea of no

contest in North Carolina rather than a guilty plea, there was no admission of guilt, and thus, she cannot be said to have been convicted of a crime within the meaning of Penal Law § 70.06. We conclude that there is no merit to defendant's argument. In North Carolina, a conviction based on a no contest plea accepted after 1975 is equivalent to an adjudication of guilt for habitual felon status (see, NC Gen Stat § 15A-1022 [c], [d]; *State v Petty,* 100 NC App 465, 397 SE2d 337). Thus, under North Carolina law, the court's acceptance of that plea constituted a conviction (see, NC Gen Stat § 15A-1022 [c]). We find no contrary authority in New York.

We further conclude that the elements of the North Carolina offense of solicitation to commit murder, which is punishable by more than one year in prison, are equivalent to those of the New York felony of criminal solicitation in the second degree (Penal Law § 100.10) for purposes of the second felony offender sentencing statute. In North Carolina, a person is guilty of solicitation to commit murder when that person makes a "request or appeal of any kind, direct or indirect" by any means of communication, that another commit murder (NC Gen Stat § 1-75.2 [5]; § 14-18.1 [a]). The North Carolina crime is thus equivalent to Penal Law § 100.10, entitled "Criminal solicitation in the second degree", which provides that: "A person is guilty of criminal solicitation in the second degree when, with intent that another person engage in conduct constituting a class A felony, he solicits, requests, commands, importunes or otherwise attempts to cause such other person to engage in such conduct." Therefore, we conclude that defendant was properly sentenced as a second felony offender. (Appeal from Judgment of Ontario County Court, Harvey, J.—Forgery, 2nd Degree.) Present—Green, J. P., Balio, Wesley, Callahan and Boehm, JJ.