■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT BENWAY, Appellant. [630 NYS2d 139] —White, J. Appeal from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered June 30, 1992, upon a verdict convicting defendant of the crimes of rape in the third degree and sodomy in the third degree.

Our principal concern on this appeal is whether County Court erred in denying defendant's motion for a mistrial that was predicated on the ground he had been denied a fair trial by references during the trial to uncharged crimes he allegedly committed. We begin our analysis by noting that the decision to grant or deny a motion for a mistrial is within the trial court's discretion and its decision will not be disturbed unless it amounts to an abuse of discretion (see, People v Ortiz, 54 NY2d 288, 292).

The record evidence shows that defendant developed a relationship with his victim in 1988 when she was 12 years old and he was 28. Defendant was charged in a five-count indictment with a melange of sexual crimes, including sodomy and rape on December 26, 1990, sodomy in December 1988, rape on December 27, 1990 and rape in April 1990. On direct examination the victim testified in detail as to the acts of sodomy and sexual intercourse with defendant at his trailer on December 26, 1990,* and while testifying to another incident in December 1988 she made a passing reference to sexual abuse before describing an act of sodomy by defendant. There was an objection by the defense which was overruled, and defendant was subsequently acquitted on this, the first count of the indictment. The victim began to testify about another encounter in December 1989, a date not encompassed by the second count of the indictment; however, defense counsel objected and County Court struck the testimony and issued prompt curative instructions. The victim also testified to engaging in oral sex with defendant on December 27, 1990, whereas the fifth count of the indictment accused defendant of having engaged in sexual intercourse on that date. Defendant did not raise an objection to this testimony until he moved for a mistrial at the close of the victim's direct testimony, at which time County Court denied the motion but did strike the testimony with curative instructions when the People withdrew the fifth count. When defendant renewed his motion for a mistrial at the end of the People's case, it was again denied.

Although evidence of a defendant's uncharged crimes may have some probative value, it is usually excluded unless it helps establish some element of the crime under consideration or is relevant because of some recognized exception to the general rule (see, People v Lewis, 69 NY2d 321, 325). Whether County Court's curative instructions alleviated the prejudicial effect of this testimony depends upon whether, when such

---

* Defendant was convicted on these two charges, the third and fourth counts of the indictment.

testimony is viewed in light of the entire record, it was of such a magnitude that defendant's right to a fair trial was violated (*see, People v Nagi*, 153 AD2d 964, 965). Thus, curative instructions were found to be sufficient where there was some mention of uncharged criminal activity (*see, People v Santiago*, 52 NY2d 865, 866; *see also, People v Messina*, 196 AD2d 557, 558, *lv denied* 82 NY2d 927).

Upon a complete review of the record, including the curative instructions given by County Court, and in light of the age and intelligence of the victim, the nature of the crime, the span of time set forth in the indictment and the dictates of Executive Law § 642-a, we cannot say as a matter of law that County Court abused its discretion in denying defendant's motions for a mistrial (*see, People v Ortiz, supra; People v Andujar*, 202 AD2d 316, *lv denied* 83 NY2d 963; *People v Zayas*, 202 AD2d 324, *lv denied* 83 NY2d 973).

As to defendant's remaining contention, we find it to be lacking in merit.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.