■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER YOUNG, Appellant. (Appeal No. 1.) [639 NYS2d 209] Memorandum: Defendant appeals from a judgment of conviction arising from the armed

robbery of a jewelry store and the murder of two persons during the robbery of a mini-mart about a week later. There is no merit to his contention that Supreme Court erred in denying his request to instruct the jury that they were to decide whether a witness to the murders was an accomplice. No reasonable view of the evidence supports a finding that the witness "participated in the planning or execution of the crimes" committed at the mini-mart (*People v Jones*, 73 NY2d 902, 903, *rearg denied* 74 NY2d 651; *see, People v Santana*, 82 AD2d 784, *affd* 55 NY2d 673).

The court properly refused to grant a mistrial after a prosecution witness referred to the fact that defendant had previously been convicted of the shootings. The court immediately issued a curative instruction that dissipated any prejudice that may have resulted from the isolated and unsolicited comment (*see, People v Zayas*, 202 AD2d 324, *lv denied* 83 NY2d 973; *People v Johnson*, 124 AD2d 1063, *lv denied* 69 NY2d 713, 951; *cf., People v Cruz*, 72 AD2d 748).

The court also properly denied defendant's motion to sever the consolidated indictments. On a prior appeal, we rejected defendant's contention that the indictments were not properly joined for trial (*People v Young*, 195 AD2d 1041, *lv denied* 82 NY2d 809) and, "once the [indictments] were properly joined, the court lacked statutory authority to sever" (*People v Bongarzone*, 69 NY2d 892, 895). Lastly, the court did not abuse its discretion in denying defendant's request for a jury viewing of the scene of the shootings. The scene was adequately portrayed in photographs and a videotape was admitted into evidence, and the scene had changed in several respects since the shootings (*see, People v Rao*, 107 AD2d 720; *People v McCurdy*, 86 AD2d 493, 495-496). Although defendant agreed to limit his request to the unchanged areas, no material issue existed regarding those limited areas and thus, a viewing would not have assisted the jury in deciding a material factual issue (*see,* CPL 270.50 [1]). (Appeal from Judgment of Supreme Court, Monroe County, Affronti, J.—Robbery, 1st Degree.) Present— Lawton, J. P., Fallon, Doerr, Balio and Davis, JJ.