■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE S. MILLER, Appellant. [658 NYS2d 482] —Spain, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered June 9, 1995, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant was indicted on three counts of murder in the second degree and one count of rape in the first degree; after a jury trial he was found guilty of one count of murder in the second degree and was sentenced to a term of imprisonment of 25 years to life. Defendant appeals.

We affirm. The record reveals that at a *Ventimiglia/ Molineux* hearing the testimony of defendant's former girlfriend was discussed regarding defendant's propensity for violence and for beating her about the mouth and attempting to strangle her on one occasion. County Court determined that the prejudicial effect of such testimony far outweighed any probative value and, accordingly, ruled that such matter could not be brought out by the People on direct examination. At trial, however, when the prosecutor asked the former girlfriend about the nature of her relationship with defendant, she responded "violent"; defendant immediately objected and moved for a mistrial. County Court denied defendant's motion and gave a curative instruction directing the jury to disregard the comment. Defendant then renewed his motion for a mistrial and further moved that the witness be precluded from testifying; County Court denied both motions.

As we have recently stated, "the decision to grant or deny a motion for a mistrial is within the trial court's discretion and its decision will not be disturbed unless it amounts to an abuse of discretion" (*People v Benway*, 217 AD2d 884, 885). In our view, despite the fact that the former girlfriend's comment was improper, it was not so egregious as to deny defendant a fair trial and thus did not warrant a mistrial; this is especially true where it was not deliberately elicited and where County Court

gave an immediate and appropriate curative instruction to alleviate any prejudice (*see, People v Rotundo*, 194 AD2d 943, 945, *lv denied* 82 NY2d 726). Additionally, we do not find that County Court abused its discretion in denying defendant's request for a mistrial when the prosecutor referred to scratches on defendant as coming from the victim without any evidence to support her contention. County Court, having properly sustained defendant's objection, gave a curative instruction to disregard the prosecutor's comment.

Next, although we find merit in defendant's contention that County Court improperly allowed the prosecutor to impeach a defense witness based solely upon her arrest (*see, People v Parker*, 220 AD2d 815, 816, *lv denied* 87 NY2d 1023), we conclude that such error was not of sufficient magnitude to deprive defendant of a fair trial (*see, id.*). Further, we reject defendant's assertion that County Court improperly allowed the People to impeach defendant based upon a previous conviction stemming from an *Alford* plea (*see, North Carolina v Alford*, 400 US 25). New York has long held that if a defendant, upon warning and sufficient inquiry, wishes to avail himself of an *Alford* plea, the court may accept it (*see, People v Friedman*, 39 NY2d 463; *People v Francis*, 38 NY2d 150; *People v Francabandera*, 33 NY2d 429). Such a plea allows an accused the ability to plead guilty and accept punishment without admitting or denying participation in the crime and actually protest his or her innocence if the accused intelligently concludes that his or her interest so requires and there is strong evidence of guilt (*see, North Carolina v Alford, supra*).

Notably, the courts in New York have allowed an *Alford* plea to serve as the basis for disbarment of an attorney (*see, Matter of Hopfl*, 48 NY2d 859), suspension of a nursing home administrator (*see, Matter of Feuereisen v Axelrod*, 100 AD2d 675, *lv denied* 62 NY2d 605) and, most significantly, a conviction for purposes of a determination of predicate felon status (*see, People v Long*, 207 AD2d 988, *lv denied* 85 NY2d 864; *People v Geier*, 144 AD2d 1015). Further, as stated by the Court of Appeals in *Matter of Hopfl (supra)*, "[a]lthough [defendant] did not admit his guilt, nonetheless he stood convicted of a felony" (*id.*, at 860). In our view an *Alford* plea is a plea of guilty and clearly constitutes a criminal conviction for impeachment purposes.

We also reject defendant's contention that County Court abused its discretion by permitting one of the People's experts to testify with respect to the victim's time of death. Defendant objected to allowing pathologist Barbara Wolf's testimony

regarding the time of death of the victim because she did not conduct the autopsy and, therefore, she would be testifying from hearsay. However, County Court properly determined that such a consideration goes to the weight of such evidence and not to its admissibility. The admissibility and bounds of expert testimony are addressed primarily to the sound discretion of the trial court (see, People v Cronin, 60 NY2d 430, 432). In view of the fact that both sides may cross-examine the opposition's experts and adduce different opinions through their own experts, and also in light of the fact that the testimony complained of was actually elicited by defendant on cross-examination, we conclude that County Court properly permitted Wolf's testimony and that it was for the jury to determine the weight of such testimony.

Next, we reject defendant's contention that remarks made by the prosecutor during summation constituted reversible error. Defendant claims that the prosecutor improperly bolstered witnesses' credibility by (1) stating that "the People have been forthright in giving you the evidence", (2) referring to the testimony of a witness and stating "[t]hat wasn't canned testimony, that was [an] honest recollection or honest thought", and (3) suggesting that a prosecution's witness's admission against interest that he had smoked marijuana was evidence that his remaining testimony was truthful. Defendant claims that such remarks, whereby the prosecutor vouched for the truthfulness and integrity of her witnesses, made the prosecutor herself a sworn witness and injected the prosecutor's own veracity into the trial.

The record reveals, however, that defendant failed to object to these statements and, therefore, failed to preserve this issue for appeal (see, People v Johnson, 213 AD2d 791, 793, lv denied 85 NY2d 975). In any event, the challenged remarks were entirely appropriate in view of remarks in defendant's summation attacking the testimony and credibility of the prosecution's witnesses. Moreover, in view of the overwhelming evidence of defendant's guilt, the prosecutor's remarks, if at all improper, constitute harmless error (see, People v Crimmins, 36 NY2d 230; People v McCaskell, 217 AD2d 527, 528, lv denied 87 NY2d 848). Although also unpreserved for review, we also reject defendant's contention that the prosecutor impugned defendant's credibility and exceeded the bounds of permissible comment when she stated: "By his own admission he was lying from minutes and then hours after this incident * * * and the degree of the lies, ladies and gentlemen, the evidence shows, are not commensurate with just having ripped off a prostitute.

The degree of the lies are consistent with someone who was in serious trouble, very serious trouble before he even left [the scene] in the early morning hours." In our view said statement by the prosecutor was fair comment.

Finally, we reject defendant's argument that County Court erred in refusing to dismiss the jury panel after a juror on the panel indicated that he thought defendant was guilty. The record indicates that defendant had every opportunity to voir dire each prospective juror as to his or her ability to be fair and the record does not reveal any evidence that the jurors selected had any difficulty being fair. In our view, defendant was not deprived of a fair trial based upon the stated opinion of one perspective juror (*see, People v Singleton*, 226 AD2d 565, *lv denied* 88 NY2d 942).

We have reviewed defendant's remaining contentions, including, *inter alia*, County Court's jury charges regarding the voluntariness of defendant's statement and the missing witness, and find them to be either unpreserved for review or lacking in merit.

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.