■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENDYLL JONES, Appellant. [738 NYS2d 260] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of four counts of robbery in the second degree (Penal Law §§ 20.00, 160.10 [1], [2] [b]). Defendant contends that Supreme Court erred in sentencing him as a second felony offender because his underlying felony conviction was obtained in violation of his constitutional rights. We disagree. We reject the contention of defendant that he was denied effective assistance of counsel during the plea proceeding and at sentencing with respect to that prior conviction. As the court properly determined following the second felony offender hearing, defendant failed to meet his burden of demonstrating unconstitutionality on that ground (*see, People v Geier,* 144 AD2d 1015, 1016; *see generally, People v Baldi,* 54 NY2d 137, 147). Defendant further contends that his rights pursuant to CPL 720.20 (1) with respect to the underlying conviction were violated when the court denied his request for youthful offender status at the time of the plea rather than at sentencing. Defendant waived that contention by failing to raise it at the second felony offender hearing and failed to show "good cause * * * for such failure to make [a] timely challenge" (CPL 400.21 [7] [b]; *see, People v Hatfield,* 256 AD2d 1105, 1106, *lv denied* 93 NY2d 853, 874).

Defendant further contends that the court erred in denying his *Batson* challenges with respect to five prospective jurors. The court properly determined that the explanations offered by the People for their peremptory challenges with respect to four of those prospective jurors were race-neutral and not pretextual (*see, People v Hinds,* 270 AD2d 891, 892, *lv denied* 95 NY2d 964; *People v Diaz,* 269 AD2d 766, *lv denied* 95 NY2d 852). The court "was in the best position to observe the prosecutor's demeanor" (*People v Adams,* 247 AD2d 625, *lv denied* 92 NY2d 847), and its denial of defendant's challenges with respect to those prospective jurors is entitled to great def-

erence (*see, People v Smith*, 273 AD2d 896, *lv denied* 95 NY2d 938). With respect to the remaining prospective juror, the court properly determined that defendant failed to establish the existence of "facts and other relevant circumstances sufficient to raise an inference that the prosecution used its peremptory challenges to exclude potential jurors because of their race" and thus failed to meet his burden of presenting a prima facie case of discrimination (*People v Childress*, 81 NY2d 263, 266; *see, People v King*, 277 AD2d 708, 708-709, *lv denied* 96 NY2d 802).

We are unable to review the further contention of defendant that he was denied his right to be present at a material stage of the trial. A defendant "seeking reversal on appeal must provide the appellate court with an adequate record for determining whether [he was] wrongfully excluded from a material stage of trial" (*People v Maher*, 89 NY2d 318, 325), and defendant failed to do so here. Defendant failed to preserve for our review his contention that the jury instruction concerning identification testimony was inadequate (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The sentence is neither unduly harsh nor severe. We have examined defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.—Robbery, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt, JJ.