■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, v DAVID NEWKIRK, Appellant-Respondent. [906 NYS2d 133]—

---

Egan Jr., J. Appeals (1) from an order of the Supreme Court (Lamont, J.), rendered April 20, 2006 in Albany County, which partially granted defendant's motion for a trial order of dismissal, and (2) from a judgment of said court, rendered April 20, 2006 in Albany County, upon a verdict convicting defendant of the crime of sexual abuse in the first degree (three counts).

In a six-count indictment, defendant was charged with rape in the first degree (three counts) and sexual abuse in the first degree (three counts). The indictment was based upon allegations that on May 2, 4 and 6, 2005, defendant raped the victim (born in 1987), his stepdaughter, and sexually abused her by rubbing his penis between her legs while using forcible compulsion. A jury convicted defendant on all six counts. Prior to sentencing, Supreme Court granted defendant's motion for a trial order of dismissal as to the three counts of rape in the first degree, concluding that the People's evidence was not legally sufficient to establish penetration (see CPL 290.10 [1]). Supreme Court thereafter sentenced defendant to three consecutive terms of imprisonment of $3^1/_2$ years for the three sexual abuse in the first degree convictions, resulting in an aggregate sentence of $10^1/_2$ years. Defendant now appeals from the judgment of conviction and the People appeal from the order dismissing the three rape in the first degree counts.

Defendant argues that the evidence was legally insufficient to support his convictions for sexual abuse in the first degree, claiming that there was no evidence that he exerted physical force against the victim or implicitly or expressly threatened her. He further contends that the convictions were against the weight of the evidence. Initially, we note that defendant's motion to dismiss, made both at the close of the People's case and at the close of all the evidence, specifically addressed defendant's contention that the evidence was legally insufficient with regard to the rape charges. His challenge to the legal sufficiency of the sexual abuse in the first degree charges, however, was limited to a general motion to dismiss, and he did not specifically advance the grounds upon which he now relies on appeal. Accordingly, defendant failed to preserve the legal sufficiency issue he now raises on appeal (*see People v Finger*, 95 NY2d 894, 895 [2000]; *People v Nesbitt*, 69 AD3d 1109, 1110-1111 [2010], *lv denied* 14 NY3d 843 [2010]). Nevertheless, "we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence" (*People v Caston*, 60 AD3d 1147, 1148-1149 [2009]) for which there is no preservation requirement (*see People v Danielson*, 9 NY3d 342, 348 [2007]).

Insomuch as we find here that it would have been reasonable for the factfinder to reach a different conclusion, "[we] must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Romero*, 7 NY3d 633, 643 [2006] [internal quotation marks and citations omitted]; *see People v Clark*, 51 AD3d 1050, 1051-1052 [2008], *lv denied* 10 NY3d 957 [2008]). Moreover, we must evaluate the evidence from a neutral prospective while extending appropriate deference to the factfinder's credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Barringer*, 54 AD3d 442, 443 [2008], *lv denied* 11 NY3d 830 [2008]).

Defendant was convicted of having subjected the victim to sexual contact by forcible compulsion (*see* Penal Law § 130.65 [1]). Sexual contact is defined as "any touching of the sexual or other intimate parts of a person . . . for the purpose of gratifying sexual desire of either party" (Penal Law § 130.00 [3]). As relevant here, forcible compulsion is defined as compelling "by either . . . use of physical force; or . . . a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person" (Penal Law § 130.00 [8]). Here, the victim testified that on three separate occasions in May 2005, defendant picked the lock on her

bedroom door, climbed on top of her and, while holding her hands, removed her pajama pants and underwear and rubbed his penis along the outside of her vagina until he ejaculated. The victim testified that she was unable to get away due to defendant lying on top of her and holding her hands. Further, semen samples found on the victim's sheets and on one pair of her underwear were linked, through DNA testing, to defendant. Upon our independent review of the record, and according the jury due deference in its resolution of credibility issues, we conclude that the verdict was supported by the weight of the evidence (*see People v Texidor*, 71 AD3d 1190, 1193 [2010]; *People v Pomales*, 49 AD3d 962, 963 [2008], *lv denied* 10 NY3d 938 [2008]).

Defendant also contends that Supreme Court erred in denying his motion for a mistrial. Defendant argues that the victim's testimony, as well as remarks by the People during summation, referenced prior sexual abuse of the victim by defendant and therefore violated Supreme Court's pretrial *Molineux* ruling that the prejudicial effect of such evidence far outweighed any probative value. At trial, when asked why she did not scream during the course of the alleged incidents, the victim testified, "Because it was something that always happened." The People then asked why she had not told her mother and the victim responded, "Because it's been going on." At this point defendant objected and immediately moved for a mistrial. Supreme Court reserved decision on the motion for a mistrial, but granted defendant's motion to strike both answers. Thereafter, during summation, the People asked the jury to consider "the dynamics of [the victim's] family" and questioned why the victim's bedroom door had been locked, stating that "[t]hese things don't happen in a vacuum" and "this is not something that just out of the blue occurs." Following the People's summation, defendant again moved for a mistrial on the ground that the People unduly alluded to prior sexual abuse of the victim. The court thereafter denied the motions for a mistrial.

It is well settled that "the decision to grant or deny a motion for a mistrial is within the trial court's discretion and its decision will not be disturbed unless it amounts to an abuse of discretion" (*People v Benway*, 217 AD2d 884, 885 [1995]; *accord People v Miller*, 239 AD2d 787, 787 [1997], *affd* 91 NY2d 372 [1998]). Here, despite the fact that the two responses by the victim were improper, viewing the comments in light of the entire testimony and considering the overwhelming evidence of defendant's guilt, we conclude that the impropriety was not so egregious as to deny defendant a fair trial (*see People v Cun-*

*ningham*, 222 AD2d 727, 730 [1995], *lv denied* 87 NY2d 1018 [1996]). Additionally, although defendant declined Supreme Court's offer of a prompt curative instruction, the court struck the responses and later instructed the jury to disregard all stricken testimony, alleviating any prejudice to defendant (*see People v Young*, 48 NY2d 995, 996 [1980]; *People v Johnson*, 67 AD3d 560 [2009], *lv denied* 14 NY3d 802 [2010]). Regarding the People's remarks during summation, inasmuch as "[r]eversal of a conviction for prosecutorial misconduct is warranted only where a defendant has suffered substantial prejudice such that he [or she] was deprived of due process of law" (*People v McCombs*, 18 AD3d 888, 890 [2005]), we find that, in the context of the trial, the comments concerning the dynamics of the household did not expressly reference any prior crimes or bad acts by defendant and were not so substantially prejudicial as to deprive defendant of a fair trial (*see People v Wilson*, 61 AD3d 1269, 1272 [2009], *lv denied* 14 NY3d 774 [2010]; *People v McKnight*, 306 AD2d 546, 548 [2003], *lv denied* 100 NY2d 596 [2003]).

We also reject defendant's claim that Supreme Court erred by admitting evidence of blood being found on the victim's sheets and mattress pad. Even if defendant was correct in his contention that the admission of the blood evidence was error, in light of the fact that there was no evidence presented that the victim was physically injured during the incidents or as to whose blood it was or when it was left there, we find that "there is no view of the evidence which would suggest a significant probability that defendant would have been acquitted but for the wrongful admission of this evidence" (*People v White*, 41 AD3d 1036, 1038 [2007], *lv denied* 9 NY3d 965 [2007]; *see People v Tatro*, 53 AD3d 781, 785 [2008], *lv denied* 11 NY3d 835 [2008]). We reach a similar conclusion as to defendant's challenge to the admission of testimony from the sexual assault nurse examiner who treated the victim after the alleged incidents. Insofar as the nurse testified that there was no evidence of injury to the victim, including vaginal tearing, the admission of her testimony concerning vaginal tearing in general and the use of diagrams of female genitalia did not, in our view, constitute reversible error (*see People v Rivera*, 70 AD3d 1177, 1181-1182 [2010]). Defendant's remaining challenges on appeal to the admission of evidence during trial were not preserved for our review by a proper objection (*see People v Gray*, 86 NY2d 10, 19 [1995]).

Finally, we find no merit to defendant's contention that his sentence was harsh and excessive and we discern no abuse of discretion or extraordinary circumstances warranting a reduc-

tion of the sentence in the interest of justice (*see People v Hodges*, 66 AD3d 1228, 1234 [2009], *lv granted* 13 NY3d 939 [2010]).

Turning to the People's appeal, we reject their contention that the evidence presented was legally sufficient to support a conviction of rape in the first degree. "A person is guilty of rape in the first degree when he or she engages in sexual intercourse with another person . . . [b]y forcible compulsion" (Penal Law § 130.35 [1]). Sexual intercourse "has its ordinary meaning and occurs upon any penetration, however slight" (Penal Law § 130.00 [1]; *see People v Brown*, 67 AD3d 1197, 1198 [2009]). During her testimony, the victim denied that defendant's penis penetrated her vagina but testified that his penis touched her vagina and rubbed against it without entering it, and that she had squeezed her legs together to prevent penetration. Additionally, her medical records indicate that she informed hospital staff that defendant was unable to penetrate her vagina and the sexual assault nurse examiner testified that the examination of the victim revealed no evidence of bruising, tearing, discharge or blood. Accordingly, as the evidence is legally insufficient to establish penetration, as opposed to external contact of the sexual parts (*see People v Porlier*, 55 AD3d 1059, 1061-1062 [2008]; *compare People v Jacobs*, 37 AD3d 868, 869-870 [2007], *lv denied* 9 NY3d 923 [2007]), we conclude that Supreme Court properly dismissed the three counts as to rape in the first degree.

We do, however, find merit in the People's contention that, after determining that the evidence was legally insufficient to support the counts charging defendant with rape in the first degree, Supreme Court should have reduced the convictions to the lesser included offense of attempted rape in the first degree.* In deciding a trial order of dismissal, the court may issue an order dismissing any count of an indictment if the trial evidence "is not legally sufficient to establish the offense charged therein or any lesser included offense" (CPL 290.10 [1] [a]). Based upon our review of the record, the evidence was legally sufficient to sustain the lesser included offense of attempted rape in the first degree (*see* Penal Law §§ 110.00, 130.35; *People v Jackson*, 48 AD3d 891, 892 [2008], *lv denied* 10 NY3d 841 [2008]). Specifically, the victim testified that defendant got on top of her, held her hands down, removed her clothes and placed his penis between her legs and rubbed it against her vagina. The victim fur-

* Inasmuch as the People made their opposition to the trial order of dismissal known to Supreme Court, we find that this issue was preserved for our review (*see* CPL 470.05 [2]; *People v Caban*, 14 NY3d 369, 373 [2010]).

ther testified that she squeezed her legs together to prevent sexual intercourse from occurring. Inasmuch as the court should have reduced the convictions to the lesser included offense supported by the evidence, we conclude that the convictions for rape in the first degree should be reinstated and thereafter reduced to convictions for attempted rape in the first degree (*see People v Smith*, 183 AD2d 653, 656 [1992], *lv denied* 80 NY2d 910 [1992]), and we remit the matter to Supreme Court for sentencing on said convictions. In light of the foregoing, the People's remaining arguments are academic.

Cardona, P.J., Peters, Spain and McCarthy, JJ., concur. Ordered that the order is modified, on the law, by reversing so much thereof as partially granted defendant's motion and dismissed counts one, two and three of the indictment charging rape in the first degree; motion denied to said extent, defendant is convicted of the lesser included offense of attempted rape in the first degree under said counts of the indictment and matter remitted to the Supreme Court for sentencing on said convictions; and, as so modified, affirmed.

Ordered that the judgment is affirmed.

