■ In the Matter of DANIEL KASCKAROW, Appellant, v BOARD OF EXAMINERS OF SEX OFFENDERS OF STATE OF NEW YORK, Respondent. [964 NYS2d 650]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Examiners of Sex Offenders of the State of New York, dated January 25, 2011, that the petitioner is required to register as a sex offender pursuant to Correction Law article 6-C, the petitioner appeals from a judgment of the Supreme Court, Kings County (Schmidt, J.), dated October 25, 2011, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

In 1998, the petitioner was charged with indecent assault in Florida, a felony under Florida law (*see* Fla Stat Ann §§ 794.011 [1] [h]; 800.04 [3]). The petitioner pleaded "nolo contendre" to the charge. Pursuant to Florida Statutes Annotated § 948.01, the Florida court withheld adjudication and imposed five years of probation. As required by Florida law, the petitioner registered as a sex offender in that state (*see* Fla Stat Ann § 943.0435 [1] [a] [1] [a] [I]).

In 2006, the petitioner relocated to New York. The Board of Examiners of Sex Offenders of the State of New York (hereinafter the Board) determined that the petitioner was required to register as a sex offender pursuant to the Sex Offender Registration Act (hereinafter SORA; Correction Law art 6-C). The petitioner commenced this CPLR article 78 proceeding to review that determination.

The Supreme Court did not err in denying the petition and dismissing the proceeding. SORA provides that any "sex offender" must comply with its provisions (*see* Correction Law § 168-f). A "sex offender" is defined as "any person who is convicted" of a "sex offense" (Correction Law § 168-a [1], [2]). The definition of a "sex offense" with respect to an offense committed in another jurisdiction is "a conviction of (i) an offense in any other jurisdiction which includes all of the essential elements of any such crime" that constitutes a "sex offense" under SORA (Correction Law § 168-a [2] [d] [i]). The statute also provides that a "sex offense" includes a "conviction of . . . (ii) a felony in any other jurisdiction for which the offender is required to

register as a sex offender in the jurisdiction in which the conviction occurred" (Correction Law § 168-a [2] [d] [ii]).

The relevant standard of review pursuant to CPLR 7803 (3) is whether the determination of the Board was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (*see Matter of Holcomb v Williams*, 72 AD3d 687, 688 [2010]).

The Supreme Court properly determined that the petitioner is subject to the provisions of SORA based upon the Florida disposition, and that the Board did not violate lawful procedure, make an error of law, act arbitrarily and capriciously, or abuse its discretion. It is undisputed that the petitioner was required to register as a sex offender in Florida based on the disposition of a felony charge there. Furthermore, we conclude that the Florida disposition, in which the petitioner pleaded nolo contendere and adjudication was withheld (*see* Fla Stat Ann § 948.01), constituted a "conviction" within the meaning of SORA (*see* Correction Law § 168-a [2] [d]). The petitioner's nolo contendere plea was similar to an *Alford* plea (*see North Carolina v Alford*, 400 US 25 [1970]), in which a defendant may plead guilty to a crime without admitting culpability (*see Matter of Silmon v Travis*, 95 NY2d 470 [2000]). The Court of Appeals has held that "a conviction premised upon an *Alford* plea may generally be used for the same purposes as any other conviction" (*People v Miller*, 91 NY2d 372, 378 [1998]; *see Matter of Silmon v Travis*, 95 NY2d at 475). Indeed, out-of-state nolo contendere pleas have been recognized as convictions in New York for purposes of second felony offender sentencing (*see People v Long*, 207 AD2d 988, 989 [1994]), and a New York felony conviction pursuant to an *Alford* plea may serve as the basis for disbarment of an attorney (*see Matter of Hopfl*, 48 NY2d 859 [1979]). By parity of reasoning, an out-of-state nolo contendere plea may be treated as a conviction for purposes of subjecting a person to the requirements of SORA. Accordingly, the petitioner was required to register as a sex offender under SORA and to comply with related requirements imposed by that statute (*see* Correction Law § 168-a [2] [d] [ii]; *Matter of Smith v Devane*, 73 AD3d 179, 182-184 [2010]).

The petitioner's constitutional argument is not properly before this Court (*see Charles v Broad St. Dev., LLC*, 95 AD3d 814 [2012]; *Yeshiva Chasdei Torah v Dell Equity, LLC*, 90 AD3d 746, 747 [2011]). Dillon, J.P., Chambers, Austin and Roman, JJ., concur.