OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Term should be reversed and the matter remitted to that court for further review pursuant to CPL 470.25 (2) (d) and CPL 470.40 (2) (b).
 

 The only issue on this appeal by the People is whether the evidence sufficed to support the conviction of defendant, beyond a reasonable doubt, of operation of a motor vehicle while his ability was impaired by his consumption of alcohol (Vehicle and Traffic Law § 1192 [1]). In the nonjury trial, the Town Court found defendant’s testimony incredible, credited police testimony, and rejected defendant’s proffered interpretation of the governing legal principles. Appellate Term reversed the conviction on the law and dismissed the charges, stating only,
 
 “A
 
 review of the record on appeal indicates that defendant’s guilt was not established beyond a reasonable doubt.” A Judge of this Court granted leave to appeal to the People.
 

 The standard for appellate review of the legal sufficiency of the evidence is whether “ ‘after viewing the evidence in the light most favorable to the prosecution,
 
 any
 
 rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt’ ”
 
 (People v Contes,
 
 60 NY2d 620, 621, quoting
 
 Jackson v Virginia,
 
 443 US 307, 319 [emphasis in original]). Thus, the issue for intermediate appellate court review in this case involved only a legal assessment of whether inferences of guilt could be rationally drawn from proven facts,
 
 *912
 
 rather than a substituted fact-finding reassessment of the overall persuasiveness of the evidence
 
 (see, People v Geraci,
 
 85 NY2d 359, 371-372;
 
 see also, People v Norman, 85
 
 NY2d 609, 620-621). The Appellate Term, thus, manifestly applied the wrong standard of review to decide the appeal before it. Applying the proper standard, we conclude that the evidence was legally sufficient to support defendant’s conviction.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order reversed and case remitted to the Appellate Term for the Ninth and Tenth Judicial Districts for further proceedings in accordance with the memorandum herein.