◼ The People of the State of New York, Respondent, v Daryl McNeil, Appellant. [711 NYS2d 518] —Spain, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered December 5, 1997, upon a verdict convicting defendant of the crimes of murder in the second degree and criminal possession of a weapon in the second degree.

Following an investigation into a January 1997 shooting death in the City of Binghamton, Broome County, defendant was indicted on charges of murder in the second degree and criminal possession of a weapon in the second degree. Prior to the shooting, animosity had developed between the victim and defendant as a result of their involvement in illegal drug trafficking. The shooting occurred when the victim entered an apartment where defendant was visiting and approached defendant with his hands in his pants pockets. Defendant told the victim to take his hands out of his pants, which he failed to do, and when he continued walking toward defendant, defendant pulled a handgun from the waist of his pants and again told the victim to remove his hands from his pants. When the victim failed to comply, defendant shot him in the abdomen. As the victim fell to the floor, the other occupants fled the apartment and defendant then shot the victim two more times in the left temple.

While assisting the Binghamton police in their investigation

of the homicide, New York City police went to the Brooklyn apartment of defendant's mother and gained admittance by advising the mother that they were investigating a case of child abuse. When defendant was identified as one of the occupants of the apartment, he agreed to accompany the police to the local station to discuss a problem. Upon his arrival at the police station, defendant was informed that the problem was with the Binghamton police who arrived shortly thereafter, administered the *Miranda* warnings and obtained defendant's agreement to waive his rights and speak with them. During the subsequent questioning, defendant confessed both orally and in writing to having shot the victim. Upon his return to Binghamton the next day, defendant again waived his *Miranda* rights and then gave a videotaped confession. Following a jury trial, defendant was convicted of both counts of the indictment and he was sentenced to consecutive prison terms of 25 years to life on the murder charge and 7 to 14 years on the weapon charge. Defendant appeals.

Defendant contends that his confessions were rendered involuntary by police deception in advising his mother that they had come to her apartment to investigate a complaint of child abuse. "Mere deception by the police is not alone sufficient to render a confession inadmissible" (*People v Jordan*, 193 AD2d 890, 892, *lv denied* 82 NY2d 756), for "such stratagems need not result in involuntariness without some showing that the deception was so fundamentally unfair as to deny due process * * * or that a promise or threat was made that could induce a false confession" (*People v Tarsia*, 50 NY2d 1, 11). Regardless of the deception, defendant voluntarily accompanied the police to the station and, after being advised of his rights, he voluntarily agreed to waive those rights and speak with the police. There is no evidence of any threat or false promise by the police and the deception was not fundamentally unfair. In these circumstances, the deception did not render defendant's confessions involuntary (*see, People v Dickson*, 260 AD2d 931, 932, *lv denied* 93 NY2d 1017; *People v Sobchik*, 228 AD2d 800, 802).

We also reject defendant's contention that County Court erred in refusing to allow the jury to consider manslaughter in the first degree (*see,* Penal Law § 125.20 [1]) as a lesser included offense of the intentional murder charge (*see,* Penal Law § 125.25 [1]). While it may have been impossible for defendant to commit the greater crime without concomitantly committing the lesser crime by the same conduct (*see, People v Cleveland*, 257 AD2d 689, 692, *lv denied* 93 NY2d 871), defendant was not entitled to a lesser included offense charge in the

absence of a reasonable view of the evidence from which the jury could have concluded that defendant intended only to injure the victim, rather than to kill him (*see, People v Benson*, 265 AD2d 814, *lv denied* 94 NY2d 860, *cert denied* 529 US 1076). In addition to the eyewitness testimony of the shooting and defendant's confessions, the record contains undisputed expert medical testimony which established that the victim was effectively disabled by the abdominal gunshot wound, that the two gunshot wounds to the head were inflicted from above while the victim was prone or nearly prone and that either head wound would have resulted in the victim's death had he not quickly bled to death from the abdominal wound. We agree with County Court that no reasonable view of the evidence could support a finding that defendant intended to cause the victim serious physical injury, rather than to cause his death.

There is no merit in any of defendant's additional claims of trial error. The autopsy photographs of the victim's head, showing the location of the entry and exit wounds, was probative on the issue of defendant's intent to cause death and, therefore, County Court did not err in admitting them (*see, People v Stevens*, 76 NY2d 833). The People were properly permitted to impeach one of their witnesses pursuant to CPL 60.35 (1) after he gave testimony which was at variance with his prior sworn statement to a police investigator (*see, People v Donahue*, 195 AD2d 619) and the court did not err in refusing to admit into evidence a prior inconsistent statement of another witness (*see, People v Chamberlain*, 96 AD2d 959, 960).

Finally, defendant's contention that County Court erred in imposing consecutive sentences is also unavailing. Regardless of whether the statutory elements of multiple offenses overlap, consecutive sentences may be imposed when the offenses are committed through separate and distinct acts, though they are part of a single transaction (*see, People v Ramirez*, 89 NY2d 444, 451). Thus, consecutive sentences may be imposed where " '[t]he act of the possessory crime, though continuing, is distinct for consecutive sentencing purposes from the discrete act of' shooting the victim" (*People v Salcedo*, 92 NY2d 1019, 1021-1022, quoting *People v Brown*, 80 NY2d 361, 364).

It is reasonable to conclude from the evidence in this case that defendant possessed the gun prior to the victim's entry into the apartment and that this possession was for the purpose of protecting himself and his drug-trafficking business from others, including the victim. There is no evidence that defendant had developed the specific intent to kill the victim before

the fatal confrontation. When the victim entered the apartment and approached defendant, defendant displayed the gun in an apparent attempt to intimidate or coerce the victim into complying with defendant's request that the victim remove his hands from his pants. Only when the victim refused to comply and continued toward defendant did defendant point the gun at the victim and begin shooting, having then developed the intent to kill the victim. In these circumstances, it cannot be said as a matter of law that defendant's possession and actual use of the gun were so integrated that they constituted a single act for sentencing purposes (*compare, People v Salcedo, supra*; *People v Malave*, 268 AD2d 363; *People v Dugger*, 236 AD2d 483, *lv denied* 89 NY2d 1034, *with People v Sturkey*, 77 NY2d 979; *People v Crosby*, 265 AD2d 858, *lv denied* 94 NY2d 821; *People v Geddes*, 258 AD2d 679, *lv denied* 93 NY2d 970). Accordingly, County Court was free to impose consecutive sentences and, in the absence of either an abuse of the court's discretion in imposing sentence or any extraordinary circumstances that would warrant reduction thereof, the judgment should be affirmed.

Crew III, J. P., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.