■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOBBINS BROWN, Appellant. [728 NYS2d 100] —Rose, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 21, 1997, upon a verdict convicting defendant of the crimes of arson in the second degree and reckless endangerment in the first degree.

Defendant was charged with arson and reckless endangerment arising out of multiple fires set at a multiplex movie theater known as the Norma Jean Theaters in the City of Albany. At the conclusion of a combined *Mapp/Huntley* hearing, County Court suppressed all oral and written statements made by defendant after his arraignment on an unrelated charge on September 22, 1996. However, an oral statement made by defendant to a police officer prior to that arraignment was determined to be voluntarily made. After trial, the jury found defendant guilty of arson in the second degree and one count of reckless endangerment in the first degree, and County Court sentenced defendant as a second felony offender to concurrent determinate terms of imprisonment of 25 years and seven years, respectively. Defendant now appeals and we affirm.

After viewing the evidence here in the light most favorable to the prosecution, as we must (*see, People v Taylor*, 94 NY2d 910, 911), we find that the People established that defendant was in the Norma Jean Theaters at the time of the fire, that he was seen proceeding back into the theater where he had viewed a movie after all showings were completed, that he was also seen running from one of the theaters where a fire had been set toward an exit while the fire alarm was sounding, that he was observed leaving the premises through that exit rather than through the front entrance as he had claimed in a statement to police, and that clothes matching the description of his clothing on the night of the fire and exhibiting the presence of an accelerant were later found in his apartment. Although each of these facts could individually lead to inferences equally consistent with innocence as with guilt, a rational trier of fact could have inferred the essential elements of the crimes

charged beyond a reasonable doubt from the combination of these facts (*see, id.*, at 911; *People v Williams*, 84 NY2d 925, 926; *People v Denis*, 276 AD2d 237, 240).

We have, as well, made our own independent determination of the relative strength of the inferences that could be drawn from the combination of facts proven by the prosecution here, and we are satisfied that the jury gave the evidence the weight that it should have been accorded in concluding that defendant committed the crimes charged (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Denis, supra*, at 244).

Defendant also contends that the prosecution's CPL 710.30 notice failed to apprise him of the intent to offer his prearraignment oral statement into evidence. However, the absence of a timely notice will not require preclusion when the defendant "has nevertheless made an unsuccessful suppression motion directed at such evidence" (*People v O'Doherty*, 70 NY2d 479, 483; *see*, CPL 710.30 [3]; *People v Banks*, 77 AD2d 742, 743).

Here, defendant made a motion seeking, *inter alia*, "[a]n. order granting suppression of all statements made by the accused." Although the prosecution's notice included a written summary of only an oral statement made by defendant on September 26, 1996, the prosecutor's initial account at the beginning of the hearing concerning how many oral and written statements were involved clearly informed defendant that another oral statement would be presented. Then, in the course of the hearing, the testimony of police officers established that defendant had made an oral statement about his presence at the Norma Jean Theaters prior to his arraignment on September 22, 1996. Defendant's counsel questioned the officers about the conversation generally, but consciously avoided eliciting the specific content despite the opportunity to do so. County Court then granted defendant's suppression motion as to all postarraignment statements, but specifically ruled that the prearraignment oral statement had been voluntarily made. When defendant subsequently moved to preclude that statement just moments before jury selection, County Court properly held that defendant had waived preclusion by participating in the hearing. While defense counsel may have chosen not to inquire into the content of the statement for tactical reasons, there can be no doubt that the intent and purpose of the statute was fully satisfied here when defendant was provided an opportunity to challenge the admissibility of the statement (*see, People v Laporte*, 184 AD2d 803, 804-805, *lv denied* 80 NY2d 905; *People v Garrow*, 151 AD2d 877, 879, *lv denied* 74 NY2d 948).

Defendant also argues that his sentence as a second felony offender to the maximum legal determinate term of imprisonment of 25 years is harsh and excessive, and should be reduced in the interest of justice. However, County Court considered the circumstances surrounding both the crime and defendant, and expressly noted his lack of remorse and the serious danger posed to others by his conduct (*see, People v Morin*, 192 AD2d 791, 794, *lv denied* 81 NY2d 1077). County Court was also aware of defendant's suppressed confession to this arson as well as another in a college dormitory, and such evidence may properly be considered for purposes of sentencing (*see, People v Mancini*, 239 AD2d 436, *lv denied* 90 NY2d 907; *People v Estenson*, 101 AD2d 687). Moreover, the fact that no one was injured by the five separate fires set by defendant in the Norma Jean Theaters was fortuitous rather than indicative of a lack of vicious intent. Accordingly, County Court did not abuse its discretion in sentencing defendant to the maximum sentence and, as he has not shown any extraordinary circumstances warranting a reduction, defendant's request for a sentence reduction in the interest of justice is denied.

We have reviewed defendant's remaining argument concerning the allegedly prejudicial remarks made in the prosecution's summation and find it to be unpreserved for failure to make an immediate objection and without merit in any event.

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.