■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON CRUZ, Appellant. [748 NYS2d 14] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered April 14, 1999, convicting defendant, after a jury trial, of murder in the second degree and attempted murder in the second degree, and sentencing him, as a second felony offender, to consecutive terms of 25 years to life, unanimously affirmed.

Defendant's application pursuant to *Batson v Kentucky* (476 US 79) was properly denied. The record supports the court's finding that defendant failed to make a prima facie showing that the prosecutor exercised his peremptory challenges in an intentionally discriminatory manner at any stage of jury selection (*People v Brown*, 97 NY2d 500, 507-508). Even assuming that the issue of whether defendant had established a prima facie case became moot as to certain panelists at issue, defendant failed to preserve his present claim that the race-neutral reasons presented by the People were pretextual (*People v Allen*, 86 NY2d 101, 111), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the People's explanations as to these panelists involved acceptable criteria and were nonpretextual (*see People v Hernandez*, 75 NY2d 350, *affd* 500 US 352). There is no evidence of disparate treatment by the prosecutor of similarly situated

panelists. To the extent that defendant is challenging the procedures by which the court disposed of his *Batson* application, such claim is unpreserved (*see People v McLeod*, 281 AD2d 325, *lv denied* 96 NY2d 899), and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (*see People v Hameed*, 88 NY2d 232, 237, *cert denied* 519 US 1065).

The court properly declined to submit manslaughter in the first degree, as requested, and attempted assault in the second degree, the submission of which was never requested, as lesser included offenses of second-degree murder and attempted murder, respectively. Viewing the evidence in the light most favorable to defendant, there is no reasonable view of the evidence which would support a finding that defendant merely intended to cause serious physical injury to either of his victims (*see People v Evans*, 192 AD2d 671, *lv denied* 82 NY2d 753). The evidence establishes that defendant previously fought the deceased, left the location threatening to kill him, returned armed and with at least one armed accomplice, confronted the deceased, and continued to shoot at the deceased and the other victim even after the deceased was on the ground and the other victim was fleeing. Concur—Tom, J.P., Sullivan, Rosenberger, Ellerin and Rubin, JJ.