THIRD DEPARTMENT, JANUARY, 2004

(January 8, 2004)

**1** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG DORSEY, Appellant. [770 NYS2d 462]—

Spain, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 23, 2000 in Albany County, upon a verdict convicting defendant of the crime of murder in the second degree.

Following a jury trial, defendant was convicted of intentional second degree murder for the late-night shooting death of Cariga Crawley in the City of Albany on September 15, 1999. The trial

evidence included defendant's detailed signed confession, as well as the testimony of his accomplice and eyewitnesses to the chain of events culminating in this shooting. The proof established that following a heated argument with the victim in the days prior to the shooting, defendant purchased a gun. On the day of the shooting, defendant was riding as a passenger in a vehicle driven by his codefendant searching for Crawley; they waited for a time outside Crawley's house and then drove away; when they spotted the victim's parked motorcycle, they waited and, when the victim drove away on the motorcycle, defendant directed his codefendant to follow the motorcycle. When it stopped, defendant and the victim exchanged words and then defendant admittedly shot the victim four times, asserting in his confession that the victim's threatening gestures toward him had scared him.

Upon his conviction, Supreme Court sentenced defendant to a prison term of 25 years to life, to be served consecutively to sentences imposed upon prior convictions. Defendant appeals. Finding no merit to defendant's contentions that the court's denial of his *Batson* motion was error, the verdict was unsupported, his mistrial motion was improperly denied, he received ineffective assistance of counsel and the sentence should be reduced, we affirm.

With regard to defendant's *Batson* challenge directed at the exclusion of one African American juror on the basis of race, no error is discernible in Supreme Court's determination rejecting this challenge. After an appropriate inquiry and careful analysis, the court ascertained that while a pattern of discrimination was arguably established at that juncture, the People's explanation—that the juror's answers reflected potential bias against correction officers and sympathy toward inmates stemming from her experiences with and ill will toward her ex-husband, a correction officer—was race-neutral and not shown to be pretextual (*see People v Smocum*, 99 NY2d 418, 421-422 [2003]; *People v Williams*, 306 AD2d 691, 691-692 [2003]).

Turning to the jury's verdict, a review of the trial testimony and evidence in the light most favorable to the People demonstrates legally sufficient evidence to support the jury's conclusion (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Contes*, 60 NY2d 620, 621 [1983]). Defendant's own confession, combined with the testimony of several other witnesses including the codefendant, supported the conclusion that defendant, armed with a gun, bullets and latex gloves, pursued the victim and repeatedly shot him at close range intending to cause his death, motivated by their recent argument. Further, viewing

the evidence in a neutral light and deferring to the jurors' ability to assess the witnesses' credibility, we find that the verdict was supported by the weight of credible evidence and, in fact, a different finding would have been unreasonable (*see People v Bleakley, supra*). Despite some inconsistencies, the testimony of the codefendant, who accepted a guilty plea to a reduced charge in exchange for his testimony, was more than adequately corroborated by defendant's own statement to police and the testimony of other witnesses who observed either the shooting or defendant in the hours or days prior thereto (*see* CPL 60.22 [1]; *People v Elhadi*, 304 AD2d 982, 983 [2003], *lv denied* 100 NY2d 580 [2003]).

We perceive no abuse of discretion in Supreme Court's denial of defendant's mistrial motion, which followed the unsolicited direct testimony of one of the detectives repeating two oral remarks made by defendant after his arrest which were not in the CPL 710.30 notice or part of defendant's written statement (*see People v Miller*, 239 AD2d 787, 787-788 [1997], *affd* 91 NY2d 372 [1998]). No undue prejudice resulted, no bad faith was evident and the court immediately gave an extended curative instruction.

Defendant's claims that he was denied meaningful representation are unpersuasive, as the record reflects that trial counsel, faced with overwhelming proof of defendant's guilt, vigorously represented defendant during, inter alia, pretrial motions, jury selection and in cross-examining witnesses at trial, making numerous trial and postverdict motions on defendant's behalf (*see People v Benevento*, 91 NY2d 708, 711-714 [1998]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]). Counsel's ultimately unsuccessful tactical decision—with defendant's input and assurances to Supreme Court that he assented and had adequate time to make this decision—to withdraw the jury charge on self-defense and focus on undermining the credibility of the People's witnesses, provides no basis for this claim (*see People v Smith*, 302 AD2d 677, 680 [2003], *lv denied* 100 NY2d 543 [2003]; *see also People v Satterfield*, 66 NY2d 796, 798-800 [1985]).

Finally, considering defendant's significant criminal record and the violent premeditated nature of this crime, which reflect that defendant poses a very serious danger to society, we perceive no abuse of discretion or extraordinary circumstances to justify reducing the sentence in the interest of justice (*see People v Mileto*, 290 AD2d 877, 880 [2002], *lv denied* 97 NY2d 758 [2002]). Defendant's remaining contentions are unavailing.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.