■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD J. CARUSO, Appellant. [776 NYS2d 337]—

Lahtinen, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered May 6, 2002, upon a verdict convicting defendant of the crimes of murder in the first degree (two counts), burglary in the first degree (two counts), criminal use of a firearm in the first degree, grand larceny in the fourth degree (two counts), burglary in the third degree and criminal possession of a weapon in the fourth degree.

On the evening of August 28, 2001, defendant, who was absent without leave from the United States Army and had unlawfully entered the victim's home in Sullivan County, fired three shots from a .308-caliber rifle at the victim as he returned to his home. Two of the shots struck the victim, who was defendant's stepuncle, and the victim died later that evening from the gunshot wounds. Defendant had obtained the rifle earlier in the day by unlawfully entering a nearby hunting camp and taking the rifle and ammunition he found there. After shooting the victim, defendant fled from the area in the automobile the victim had been using, which was owned by the victim's father. Defendant was eventually apprehended and charged in a 14-count indictment with two counts of first degree

murder,[1] three counts of second degree murder, two counts of burglary in the first degree, one count of criminal use of a firearm in the first degree and various other crimes. Following a jury trial, defendant was convicted of the crimes of murder in the first degree (two counts),[2] burglary in the first degree (two counts), criminal use of a firearm in the first degree, grand larceny in the fourth degree (two counts), burglary in the third degree and criminal possession of a weapon in the fourth degree. His subsequent sentence included, among other things, life in prison without the possibility of parole and concurrent 25-year prison terms for the two counts of burglary in the first degree and one count of criminal use of a firearm in the first degree. Defendant appeals.

Defendant argues that his convictions on five of the counts were not supported by legally sufficient evidence and were against the weight of the evidence. He challenges the two convictions for first degree murder (asserting the evidence did not establish that he intended to kill the victim), the two first degree burglary counts (which served as the basis to elevate the murder charges from second degree to first degree) and the burglary conviction related to his theft of the gun and ammunition from a hunting camp.

The test for legal sufficiency is whether, viewing the evidence in the light most favorable to the prosecution, a rational juror could have found the essential elements of the crime beyond a reasonable doubt (see People v Taylor, 94 NY2d 910, 911 [2000]; People v Dorsey, 3 AD3d 590, 591 [2004]). Here, it was established that defendant entered both the hunting camp and, later, the victim's home. He was not authorized to enter either structure. While in both, he took various items that did not belong to him. During the course of his time at the victim's home, the victim suddenly returned home. As the victim entered the door of his home, defendant fired three shots from a high-powered rifle. One round broke two bones in the victim's right arm and, as described by a witness who came to aid the victim, the arm was essentially "blown apart" near the elbow. Another shot entered the victim's upper back on the right side and exited through his left shoulder. One shot missed. Defendant left the mortally wounded victim, took various items from the victim's

---

1. The People did not seek the death penalty.
2. The jury was instructed not to consider the second degree murder counts if it found defendant guilty of the first degree murder counts.

home and used the victim's car to flee the scene.[3] Review of the record reveals legally sufficient evidence to support each of the contested convictions. Moreover, after viewing the evidence in a neutral light and deferring to the juror's assessment of the credibility of the witnesses, we find that the verdict is supported by the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Wright*, 1 AD3d 707, 708 [2003]).

Next, we turn to defendant's contention that County Court erred in refusing defendant's request that the jury be charged with the lesser included crimes of manslaughter in the first and second degrees. A defendant is entitled to a lesser included offense charge upon satisfying a well-established, two-prong test (*see People v Barney*, 99 NY2d 367, 371 [2003]; *People v Glover*, 57 NY2d 61, 64 [1982]). "First, defendant must establish that it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct. Secondly, there must be a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater" (*People v Van Norstrand*, 85 NY2d 131, 135 [1995] [citations omitted]; *see* CPL 300.50 [1]; *People v Bartkow*, 96 NY2d 770, 771 [2001]; *People v Henderson*, 41 NY2d 233, 235 [1976]; *People v Hartman*, 4 AD3d 22, 24 [2004]). Here, the parties do not dispute that the first element was satisfied. Their disagreement centers on whether a reasonable view of the evidence supported charging the lesser crimes.

When considering the second prong of the lesser included offense test, the evidence is viewed in the light most favorable to the defendant (*see People v Johnson*, 45 NY2d 546, 550 [1978]; *see also People v Ford*, 66 NY2d 428, 439-440 [1985]) and the trial court's "appraisal of the persuasiveness of the evidence indicating guilt of the higher count is irrelevant" (*People v Henderson, supra* at 236). While a defendant's request to charge a lesser included offense need not be granted in every case (*see People v Scarborough*, 49 NY2d 364, 368 [1980]; *People v Alston [Baby John]*, 298 AD2d 702, 703 [2002], *lvs denied* 99 NY2d 554, 555 [2002]; *People v McNeil*, 273 AD2d 608, 609-610 [2000], *lv denied* 95 NY2d 868 [2000]), "[t]o warrant a refusal to submit it 'every possible hypothesis' but guilt of the higher crime must be excluded" (*People v Henderson, supra* at 236, quoting *People v Shuman*, 37 NY2d 302, 304 [1975]; *see People v Asan*, 22 NY2d 526, 530 [1968]; *People v Moran*, 246 NY 100, 103 [1927]).

**3.** The evidence established that the burglary by defendant at the victim's home carried an intent other than solely to commit the murder (i.e., stealing) and, thus, the first degree murder conviction is not barred by the holding in *People v Cahill* (2 NY3d 14, 62 [2003]; *see People v Glanda*, 5 AD3d 945, 949-950 [2004]).

There was no eyewitness testimony concerning the shooting. Forensic evidence and the testimony of witnesses who responded to the victim's telephone calls for help constituted much of the proof. This evidence revealed that the victim was shot at the entrance to his home. Defendant fired three shots, two of which struck the victim. The shots were all fired from the vicinity of a small couch in the residence about 17 feet from the entrance. Although the rifle was a pump action, two witnesses familiar with the weapon indicated that the three shots could have been fired within a matter of a few seconds. It was nighttime when the shooting occurred and there was no proof as to whether the premises were alighted or dark. There was no evidence of animosity between defendant and his stepuncle. The victim did not die immediately and was conscious following the shooting. Yet, defendant did not take additional shots to a vital area of the victim's body to ensure the victim's immediate demise (*compare People v Cruz*, 298 AD2d 174, 175 [2002], *lv denied* 99 NY2d 557 [2002]; *People v McNeil, supra* at 610). While a jury certainly could have concluded that defendant's actions manifested an intent to kill, there is a reasonable view of the evidence—when considered in the light most favorable to defendant—that defendant, on the run, frightened and absent without leave from the army, was surprised by a sound at the door and shot in that direction to drive away or injure the would-be entrant in order to facilitate his getaway (*cf. People v Baptiste*, 306 AD2d 562, 564-565 [2003], *lv denied* 1 NY3d 594 [2004]). County Court erred in refusing to charge the jury with the lesser included crimes as requested by defendant. Accordingly, the first degree murder convictions must be reversed and a new trial conducted as to the murder counts of the indictment.

Defendant's assertion that County Court erred in admitting into evidence the entire recording of the victim's 911 call merits discussion since there must be a retrial on the murder counts. In that 911 call, the victim, who was clearly in extremis, identified defendant as the person who had shot him. The recording thus fell within the dying declaration exception to the hearsay rule (*see People v Liccione*, 63 AD2d 305, 316 [1978], *affd* 50 NY2d 850 [1980]; *see generally People v Nieves*, 67 NY2d 125 [1986]).[4] However, "[e]ven where relevant evidence is admissible, it may still be excluded in the exercise of the Trial Court's

----

4. We note that the United States Supreme Court has left open the issue of the effect, if any, of its decision in *Crawford v Washington* (— US —, 124 S Ct 1354 [2004]) upon the dying declaration exception to the hearsay rule (*see id.* at 1367 n 6).

discretion if its probative value is substantially outweighed by the potential for prejudice" (*People v Mateo*, 2 NY3d 383, 424–425 [2004]; *see People v Scarola*, 71 NY2d 769, 777 [1988]). Here, defense counsel conceded in his opening statement the fact that defendant shot the victim. Additionally, two individuals that arrived to assist the victim testified that the victim identified defendant as the perpetrator. Playing the entire 911 tape, which reveals the suffering of the dying victim, was unnecessary. If, upon retrial, County Court decides to admit the tape into evidence, only that portion of the tape in which the victim identified defendant as the person who shot him should be heard. The remaining arguments are academic.

Crew III, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's convictions of murder in the first degree under counts one and two of the indictment; matter remitted to the County Court of Sullivan County for a new trial on said counts; and, as so modified, affirmed.

