OPINION OF THE COURT
L. Priscilla Hall, J.
*758 The defendant, pro se, moves for an order resentencing him pursuant to chapter 643 of the Laws of 2005, made retroactive as of October 29, 2005 to all incarcerated prisoners who were convicted of a class A-II drug felony.
In deciding this motion, the court has considered the motion papers, the affirmation in opposition and the court file.
Background
On or about July 17, 2002, two packages addressed to Mr. Mc-Curdy were intercepted by United States Customs agents. An examination of the packages revealed that they contained an illegal hallucinogenic substance. On July 19, 2002, postal authorities delivered the package to the defendant’s address.
Thereafter, a search warrant for Mr. McCurdy’s premises was executed. As a result of the search, the police seized the package with the illegal substance and marijuana. As a result of a search of the defendant’s van, the police seized additional controlled substances. However, after a suppression hearing, the court held that materials found in the van were illegally seized, suppressed the items and dismissed the counts relating thereto.[1]
The defendant was indicted, tried and convicted for the possession of the hallucinogenic substance, a class A-II felony and marijuana. On May 17, 2004, the court sentenced the defendant to an indeterminate term of incarceration having a minimum of 5 years and a maximum of life, on the conviction for a hallucinogenic substance and an indeterminate term of imprisonment having a minimum of 2Vs years and a maximum of 7 years on the marijuana conviction to run concurrently with each other.
Effective October 29, 2005, chapter 643 of the Laws of 2005 authorizes resentencing of certain imprisoned individuals who were convicted and imprisoned for a class A-II drug felony. As is relevant, the chapter reads as follows:
“Notwithstanding any contrary provision of law, any person in the custody of the department of correctional services convicted of a class A-II felony offense defined in article 220 of the penal law which was committed prior to the effective date of this section, and who was sentenced thereon to an indeterminate term of imprisonment with a minimum period not less than three years pursuant to provisions *759 of the law in effect prior to the effective date of this section, and who is more than twelve months from being an eligible inmate as that term is defined in subdivision 2 of section 851 of the correction law, and who meets the eligibility requirements of paragraph (d) of subdivision 1 of section 803 of the correction law may, upon notice to the appropriate district attorney, apply to be resentenced in accordance with section 70.71 of the penal law in the court which imposed the original sentence. Such application shall be referred for determination to the judge or justice who imposed the original sentence upon such person ... If the court determines that such person does not stand convicted of such a class A-II felony offense, it shall issue an order denying the application. If the court determines that such person does stand convicted of such a class A-II felony offense, it may consider any facts or circumstances relevant to the imposition of a new sentence which are submitted by such person or the people and may, in addition, consider the institutional record of confinement of such person, but shall not order a new pre-sentence investigation and report or entertain any matter challenging the underlying basis of the subject conviction. The court shall offer an opportunity for a hearing and bring the applicant before it. The court may also conduct a hearing, if necessary, to determine whether such person qualifies to be resentenced or to determine any controverted issue of fact relevant to the issue of sentencing.” (L 2005, ch 643, § 1 [emphasis provided].)
According to the records of the Department of Correctional Services, the defendant will be eligible for parole on July 12, 2007 with an appearance date before the Parole Board of July 2006.
Necessity for Hearing
The government argues that the defendant is not qualified for the benefits of the law because he is not a person “who is more than twelve months from being an eligible inmate as that term is defined in subdivision 2 of section 851 of the correction law.”
*760 In People v Figueroa,[2] the Appellate Division, First Department,[3] decided a case relating to the new resentencing law relating to A-I drug felonies. The statute involved in that case is identical to the statute in this case. The Figueroa court held that if a person was convicted of an A-I felony, the Court was unauthorized to deny a defendant a hearing, notwithstanding the fact that the Court was going to deny resentencing based on all the papers submitted and the history of the case. The Court ruled that a defendant had a statutory right to a hearing regardless of the fact that the Court was going to deny the application.
This case differs from Figueroa, in that the Figueroa case dealt with a denial of resentencing based on discretionary factors and this case deals with a potential denial of resentencing as a matter of law. The preliminary question in this case is whether the defendant is a “qualified” inmate.
The statutory language regarding hearings relating to “qualifications” reads as follows: “The court may also conduct a hearing, if necessary, to determine whether such person qualifies to be resentenced or to determine any controverted issue of fact relevant to the issue of sentencing.” (L 2005, ch 643, § 1.) Thus, chapter 643 of the Laws of 2005 states that a court has discretion (“may” is a discretionary word) on whether to conduct a hearing when the issue to be decided relates to an inmate’s qualifications.
This court holds that the People’s argument that the defendant is not qualified to be resentenced presents a question of law and the court is not required to hold a hearing on the issue.
The court notes that the defendant has stated that he does not want an attorney or to be present at any hearing.
Qualifications
Chapter 643 (§ 1) of the Laws of 2005, as is relevant, requires that an applicant for resentencing be a person “who is more than twelve months from being an eligible inmate as that term is defined in subdivision 2 of section 851 of the correction law.” Correction Law § 851 (2), which relates to eligibility of imprisoned persons for the temporary release program, as is relevant to this issue, reads: “ ‘Eligible inmate’ means: a person confined *761 in an institution who is eligible for release on parole or who will become eligible for release on parole or conditional release within two years.”
Thus, the statute defines an “eligible inmate” as either (1) a person eligible for release on parole or (2) a person within two years of eligibility for release on parole.
The prosecution interprets the phrase “twelve months from” contained in chapter 643 of the Laws of 2005 as referring to the second requirement in Correction Law § 851 (2) which reads “will become eligible for release on parole or conditional release within two years.” The government argues that, by adding the 12-month requirement in chapter 643 to the “will become eligible for release on parole or conditional release within two years” requirement of Correction Law § 851 (2), an inmate, in order to be qualified for resentencing, must be more than three years from release on parole. A similar interpretation is made by the Department of Correctional Services.[4]
The defendant is eligible for release on parole on July 12, 2007, and, thus, according to the People, is ineligible for resentencing.
In contrast to the People’s position, the New York Assembly Memorandum in Support (2005 NY Assembly Bill A 8980, codified as L 2005, ch 643) under the heading “Summary of Specific Provisions” states: “(b) more than twelve months from being eligible for appearance before the parole board” (emphasis added). It is noted that while the memorandum speaks about “appearance before the parole board,” Correction Law § 851 (2) reads “eligible for release on parole.” An inmate may be eligible for an “appearance before the parole board” on a date prior to being eligible for release on parole. Indeed, the Parole Board should meet with the prisoner before the potential date for release on parole.
This interpretation is consistent with the words “more than twelve months” referring to the first definition of an “eligible inmate,” i.e., eligible for release on parole.
Under this reading of the statute, an inmate would be qualified to be resentenced if he or she is more than 12 months away “from being eligible for release on parole.”
The Senate Introducer Memorandum in Support (2005 McKinney’s Session Law News of NY, No. 9, at A-969 [Dec. 2005] *762 [2005 NY Senate Bill S 5880]) under the heading “Justification” states: “1. more than 12 months from being eligible for the temporary release program established pursuant to section 851 of the correction law.” As noted above, a person can be eligible for the temporary release program if he is either (1) eligible for release on parole or (2) within two years of being eligible for release on parole.
The statute is unclear and requires the court to interpret it. In interpreting an ambiguous statute the controlling principle is the legislative intent.[5] In determining legislative intent, this court has obtained the transcripts of the Assembly and Senate discussions.
On June 23, 2005, the Senate discussed and passed Senate Bill S 5880. An analysis of the discussion does not shed any light on the issue in this case.
On June 24, 2005, the Assembly discussed and passed Assembly Bill A 8980. After discussing several other bills, the Acting Speaker called upon Assemblyperson Aubry, the sponsor of the bill, to synopsize the content of the bill. Assemblyperson Aubry then stated the qualifications for eligibility for resentencing. Among the qualifications, he stated that “when they’re at least 36 months away from work release eligibility they can apply for resentencing to the original court.”[6] After making this statement, Assemblyperson Aubry entertained certain questions, unrelated to this issue. The bill was then approved by the Assembly.
The transcript establishes that the only time period discussed by the Assembly prior to passing the bill was “36 months.” While the Assemblyperson stated: “36 months away from work release eligibility” rather than from “parole release,” it is clear that the Assembly intended that an inmate be at least three years from parole eligibility before making a motion to be resentenced.[7]
Also, it is noted that any inmate who is within two years of potential parole release is an “eligible inmate” under either definition contained in Correction Law § 851 (2). Thus, any such prisoner would not qualify as “within twelve months” of eligibility.
*763 The court finds that in order to qualify for resentencing under chapter 643 of the Laws of 2005, an inmate must be three years or more from potential release on parole.
Under this interpretation, the defendant is not a qualified person to be resentenced.
The motion for resentence is denied.

. It is proper to consider suppressed material in sentencing a defendant. People v Brown, 281 AD2d 700, 702 (2001); People v Mancini, 239 AD2d 436 (1997); People v Estenson, 101 AD2d 687 (1984).

. 21 AD3d 337 (2005).

. The court is bound by stare decisis rules to follow this decision. See People v Turner, 5 NY3d 476 (2005); Duffy v Horton Mem. Hosp., 66 NY2d 473, 475 (1985); Mountain View Coach Lines v Storms, 102 AD2d 663, 664-665 (1984).

. Mem from Anthony J. Annuci, Deputy Commissioner and Counsel, to criminal justice practitioners, Sept. 20, 2005.

. People v Manini, 79 NY2d 561, 570 (1992); People v Ryan, 274 NY 149, 152 (1937).

. NY Assembly transcript, June 24, 2005, at 40 (emphasis added).

. Under Assemblyperson Aubry’s statement, an inmate would be eligible to apply for resentencing only five years before eligibility for parole release.