■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD J. CARUSO, Appellant. [823 NYS2d 287]—

Lahtinen, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered December 15, 2004, upon a verdict convicting defendant of the crimes of murder in the first degree and murder in the second degree.

The facts are set forth more fully in our prior decision (6 AD3d 980 [2004], *lv denied* 3 NY3d 704 [2004]). Briefly stated, defendant shot his stepuncle, inflicting injuries that led to the victim's demise. He was eventually found guilty by a jury of numerous crimes, including two counts of murder in the first degree for which he received a sentence of life in prison without parole. The first degree murder convictions were reversed and the matter remitted for a retrial on the murder charges (*id.* at 985). Following a retrial, defendant was convicted of murder in the first degree and murder in the second degree. He was sentenced on the first degree murder conviction to life without parole, to run consecutive to a 25-year to life sentence he had recently received in Essex County (where he pleaded guilty to murder in the first degree and robbery in the first degree) (*People v Caruso*, 34 AD3d 860 [2006] [decided herewith]). He also received a concurrent prison term of 25 years to life for the second degree murder conviction. Defendant appeals.

Defendant initially argues that the intent element of his murder conviction was not supported by the weight of the evidence. "In reviewing the weight of the evidence, if based on all the credible evidence a different finding would not have been unreasonable, then [we must] weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Tirado*, 19 AD3d 712, 713 [2005], *lv denied* 5 NY3d 810 [2005] [citations and internal quotation marks omitted]). We view the evidence in a neutral light and accord deference to credibility determinations by the jury (*see People v White*, 27 AD3d 884, 887 [2006], *lv denied* 7 NY3d 764 [2006]). Here, there was evidence that defendant was armed with a .308 caliber big game hunting rifle. He fired that rifle several times at the victim from a distance of about 17 feet. The shots were aimed at a part of the victim's body where death producing injuries were apt to occur. Although there was also evidence weighing against finding the requisite element of intent, our independent review of the

record and weighing of the evidence therein reveals no reason to depart from the jury's verdict (*see People v Mullings*, 23 AD3d 756, 758 [2005], *lv denied* 6 NY3d 756 [2005]; *People v Smith*, 2 AD3d 175, 175 [2003], *lv denied* 2 NY3d 807 [2004]; *cf. People v Payne*, 3 NY3d 266, 271 [2004]).

Next, defendant contends that he was deprived of a fair trial by the admission into evidence of a redacted portion of the victim's 911 call. In defendant's earlier appeal, we stated that it was error to play the entire 911 recording and that any admission of such evidence at the retrial should be limited to the relevant portion where the victim identified defendant as the assailant (6 AD3d 980, 984-985, *supra* [2004]). The original recording reportedly exceeded five minutes and was accompanied by six pages of transcript, whereas the redacted version ran about 30 seconds with less than a page of transcription. The portion played related to the victim identifying himself and his assailant. It eliminated the protracted portions where the victim was in extremis. The playing of the tape was preceded by cautionary instructions to the jury by County Court. Under such circumstances, we are unpersuaded that playing the short portion of the 911 call constituted reversible error.

We find no merit in defendant's assertion that the sentence was harsh and excessive. Sentencing generally rests within the discretion of the trial court and, in light of the brutal nature of this crime, as well as the additional murder that defendant committed two days later and the host of other criminal conduct by defendant, we find neither an abuse of discretion nor extraordinary circumstances warranting a reduction of defendant's sentence (*see People v Perkins*, 5 AD3d 801, 804 [2004], *lv denied* 3 NY3d 741 [2004]).

Defendant further argues that his sentence was vindictive because it was imposed consecutive to his Essex County sentence. At the time of sentencing following the first trial in Sullivan County, defendant had not yet been convicted of criminal conduct in Essex County. However, the Essex County conviction occurred by the time of sentencing following the retrial, and it was not vindictive for County Court to consider that intervening conviction (*see generally Wasman v United States*, 468 US 559 [1984]; *People v Young*, 94 NY2d 171, 179 [1999]; *People v Carroll*, 300 AD2d 911, 917 [2002]), *lv denied* 99 NY2d 626 [2003]) and to make the Sullivan County sentence consecutive to the Essex County sentence (*cf. Matter of Murray v Goord*, 1 NY3d 29, 32 [2003] ["the prerogative to decide whether sentences should run consecutively or concurrently . . . devolves upon the last judge in the sentencing chain"]). In any event,

whether the sentences are concurrent or consecutive is, at most, of remote relevance in light of our decision herein upholding defendant's conviction for first degree murder and the sentence imposed thereon of life in prison without the possibility of parole.

The remaining issues argued by defendant have been considered and found unpersuasive.

Peters, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.