■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND G. DiLORENZO, Appellant. [834 NYS2d 381]—

Peters, J.P. Appeal from a judgment of the County Court of Warren County (Hall, J.), rendered January 4, 2006, convicting defendant upon his plea of guilty of the crimes of murder in the second degree, reckless endangerment in the first degree, stalking in the first degree, criminal possession of a weapon in the fourth degree and endangering the welfare of a child.

On February 20, 2005, defendant drove his car into the parking lot of a convenience store where his estranged wife and their teenage daughter were sitting in their car. He approached the driver's side of the car and fatally shot his wife four times in the head while his teenage daughter observed from the passenger seat; the entire incident was captured by the store's security camera. The daughter called 911 and identified her father as the shooter while defendant drove out of the parking lot. He later abandoned his vehicle in a nearby town and began hitchhiking. He was apprehended three days later in the Village of North Syracuse, Onondaga County.

After defendant's arraignment, County Court, sua sponte, ordered that he be examined pursuant to CPL article 730. After he was found to be competent, defense counsel caused defendant to be examined on five occasions by Steven Altshuler, a psychologist, to determine whether any psychiatric defenses were available. In May 2005, defendant filed a notice of intent to offer psychiatric testimony. However, in August 2005, in response to a pending Family Court hearing concerning the custody of defendant's teenage daughter, defendant indicated that he wished to plead guilty to all counts of the indictment. During an extensive colloquy with County Court, defendant, among other things, withdrew his right to raise a psychiatric defense and admitted to each crime charged in the indictment.

Defendant was sentenced to concurrent prison terms of 25 years to life for murder in the second degree, 2¹/₃ to 7 years for reckless endangerment in the first degree, 2¹/₃ to 7 years for stalking in the first degree, one year for criminal possession of a weapon in the fourth degree and one year for endangering the welfare of a child.* Defendant appeals, and we affirm.

Defendant's challenge to the voluntariness of his plea is not

---

* Thereafter, a resentencing hearing was held at which the sentence for stalking was adjusted to a determinate sentence of seven years.

preserved for our review since he failed to move to withdraw his plea and vacate the judgment of conviction (*see People v Wagoner*, 30 AD3d 629, 629 [2006]). Counsel, nonetheless, contends that the narrow exception to the preservation rule applies because the information before County Court, at the time of defendant's allocution, should have caused the court to ensure that defendant was aware that by choosing to plead guilty, he would forgo the affirmative defense of extreme emotional disturbance which could have been offered at trial. We disagree. Defendant made no statements inconsistent with guilt and County Court painstakingly reviewed not only the relinquishment of his constitutional rights but also the specific criminal acts that he was alleged to have committed. While defendant stated that he did not recall killing his wife, County Court confirmed that defendant reviewed both the videotape which captured him committing the crime as well as the audiotape of the 911 call made by his daughter. Moreover, defendant further admitted, during that colloquy, that he owned the weapon used to kill his wife. Defendant stated, unequivocally, that he was satisfied with his counsel's performance, understood the possible sentence he was facing and the rights that he was forfeiting by pleading guilty, including his waiver of possible affirmative defenses. He emphasized, among other things, that his desire to plead guilty was predicated upon his wish that his daughter not be required to testify against him at trial.

In our view, this allocution casts no significant doubt upon defendant's guilt, the voluntariness of his plea (*see People v Lopez*, 71 NY2d 662, 667-668 [1988]; *People v Espinoza-Aguilar*, 24 AD3d 892, 893 [2005], *lv denied* 6 NY3d 812 [2006]) or the effectiveness of his counsel since there were " 'legitimate explanations' for counsel's allegedly deficient conduct" (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Rivera*, 71 NY2d 705, 709 [1988]). Defendant indicated that, after a thorough discussion with counsel on more than one occasion, he was pleading guilty of his own volition (*see People v Decker*, 32 AD3d 1079, 1080 [2006]). Such plea was not foreclosed by his inability to recall the events that formed the basis for the prosecution (*see People v Di Paola*, 143 AD2d 487, 488 [1988]) since he acknowledged his review of both the videotape and audiotape identifying him as the perpetrator. With such objective evidence supporting his admissions, we next address the issue of sentencing.

Considering that defendant's sentence falls within statutory parameters, we would have to find either an abuse of discretion or extraordinary circumstances to disturb it (*see People v Caruso*,

34 AD3d 863, 865 [2006]; *People v Miller*, 21 AD3d 1146, 1147 [2005], *lv denied* 5 NY3d 854 [2005]). As neither are present and the crime was particularly brutal, we decline further review (*see People v Caruso, supra* at 865; *People v Brown*, 24 AD3d 884, 888 [2005], *lv denied* 6 NY3d 832 [2006]).

Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

