OPINION OF THE COURT
Memorandum.
*62 Judgment of conviction reversed on the law and as a matter of discretion in the interest of justice, accusatory instrument dismissed and fine, if paid, remitted.
The defendant was found guilty of violating section 13-63 (a) of the Code of the City of Poughkeepsie which provides that it
“shall be unlawful for any person to abandon, leave, suffer or permit any vehicle to be left upon any public highway or municipal property or public parking area in such position thereof as shall obstruct or impede vehicular traffic or constitute a condition dangerous to traffic, public welfare, safety or convenience.”
Although the issue of legal sufficiency was not raised in the court below, we reach said issue as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We are required to view the evidence in the light most favorable to the People and undertake a legal assessment of whether inferences of guilt could be rationally drawn from the proven facts (People v Taylor, 94 NY2d 910, 911-912 [2000]). Here, the prosecution’s evidence shows that defendant was operating the subject vehicle, was attempting to enter a public highway by backing the vehicle from a driveway, and was apparently delayed in doing so due to traffic conditions at the time. It took approximately one minute for defendant to undertake this maneuver, during which the sidewalk was obstructed and several vehicles swerved out of their lane of travel to avoid a collision. However, this evidence reflects that defendant was, at all times, operating or attempting to operate the vehicle. There is no evidence that defendant ever turned off the motor, left the driver’s seat, or exited the vehicle. Accordingly, it cannot be said that defendant abandoned or left the subject vehicle within the meaning of section 13-63 (a). In view of the foregoing, defendant’s guilt was not established beyond a reasonable doubt and the judgment of conviction must be reversed.
Rudolph, PJ., Tanenbaum and Scheinkman, JJ, concur.