◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL D. FLINT, JR., Appellant. [888 NYS2d 652]—

Appeal from a judgment of the County Court of Warren County (Hall, Jr., J.), rendered June 9, 2008, convicting defendant upon his plea of guilty of the crimes of murder in the second degree (two counts), manslaughter in the first degree and endangering the welfare of a child.

On or about November 12, 2007, defendant was showering with his paramour's seven-month-old son when he dropped him. The infant struck his face on part of the shower and began to bleed. Alighting from the shower, defendant wrapped the infant

in a towel and, inexplicably, slapped him multiple times and squeezed his neck until his face turned red. The following day, when defendant was again left alone with the infant, defendant bit both of his arms, put both hands around his neck and squeezed for 20 to 30 seconds until the infant was grasping for breath. Upon his arrival at the hospital, the infant was moribund and, the following day, was pronounced dead.

After pleading guilty to four counts in the indictment, defendant was sentenced to concurrent prison terms of 22 years to life for murder in the second degree (two counts) and 22 years followed by five years postrelease supervision for manslaughter in the first degree, and a concurrent jail term of one year for endangering the welfare of a child. Defendant appeals, and we affirm.

The only issue raised on this appeal is defendant's contention that his sentence is harsh and excessive and should be reduced in the interest of justice. In the absence of an abuse of discretion or extraordinary circumstances, the sentence imposed by the sentencing court will not be disturbed (*see People v Cruz*, 53 AD3d 986 [2008]; *People v DiLorenzo*, 39 AD3d 1032, 1034-1035 [2007], *lv denied* 9 NY3d 874 [2007]). We find no reason to reduce the sentence, which was less than the maximum allowed by statute, inasmuch as the crimes committed by defendant, resulting in the brutal death of a helpless infant, were particularly heinous (*see People v Santos*, 63 AD3d 1280 [2009]; *People v DiLorenzo*, 39 AD3d at 1035; *People v Caruso*, 34 AD3d 863, 865 [2006], *lv denied* 8 NY3d 879 [2007]; *People v Burg*, 262 AD2d 796 [1999], *lv denied* 93 NY2d 1015 [1999]).

Cardona, P.J., Rose, Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.