People v Silver (2019 NY Slip Op 00328)





People v Silver


2019 NY Slip Op 00328


Decided on January 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 17, 2019

108505

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RIIS MATTHEW SILVER, Also Known as FLEA and FLEE, Appellant.

Calendar Date: December 13, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Cliff Gordon, Monticello, for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered April 15, 2016, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree (two counts) and reckless endangerment in the first degree.
Defendant was charged in a four-count indictment with two counts of criminal possession of a weapon in the second degree, one count of attempted assault in the first degree and one count of reckless endangerment in the first degree stemming from allegations that he possessed an unlicensed loaded firearm and fired seven shots at Claudette Paschall (hereinafter the victim). After a pretrial hearing, County Court ruled, among other things, that the People would be permitted to introduce evidence of a prior bad act of defendant involving the victim. After trial, the jury acquitted defendant of attempted assault in the first degree, but found him guilty on the remaining charges. Defendant was thereafter sentenced to concurrent prison terms of 15 years followed by five years of postrelease supervision on each weapon possession conviction and 2&frac13; to 7 years on the reckless endangerment conviction. Defendant now appeals, and we affirm.
Turning first to defendant's Molineux challenge, we find that County Court did not abuse its discretion in permitting the victim to testify that, immediately prior to the shooting, she confronted defendant, who was standing in front of a store with other men, and accused him of stealing $1,500 from her during their brief relationship. Such evidence was relevant to establishing motive, was inextricably interwoven into the facts underlying the charges, completed the narrative of what occurred, provided necessary background information and was more probative than prejudicial (see People v Richardson, 162 AD3d 1328, 1330-1331 [2018], lv denied ___ NY3d ___ [Dec. 13, 2018]; People v Palin, 158 AD3d 936, 941 [2018], lv denied 31 NY3d 1016 [2018]; People v Victor, 139 AD3d 1102, 1109-1110 [2016], lv denied 28 NY3d 1076 [2016]).
We turn next to defendant's argument that County Court erred in denying his request for a mistrial during re-direct examination of the victim when the People improperly inquired as to whether she knew if any of the men standing with defendant were gang members. Defendant objected and the victim did not answer the People's question. County Court immediately excused the jurors and advised them not to speculate as to the reasons, instead noting that there were some legal matters to discuss. During the ensuing conference, the court chastised the prosecutor and discussed with the parties how to cure any potential prejudice, noting that the prejudice had been minimized because the witness did not answer the question and the jury was told not to speculate as to what was happening. The court indicated that, if defendant wished, it would give an additional curative instruction. Defendant moved for a mistrial, which the court denied, and subsequently denied the court's offer of additional curative instructions.
Generally, "the decision to grant or deny a motion for a mistrial is within the trial court's discretion and its decision will not be disturbed unless it amounts to an abuse of discretion" (People v Newkirk, 75 AD3d 853, 856 [2010] [internal quotation marks and citation omitted], lv denied 16 NY3d 834 [2011]; see People v Manning, 81 AD3d 1181, 1183 [2011], lv denied 18 NY3d 959 [2012]). Here, not only was the inherent prejudice of the People's question blunted by the fact that it remained unanswered, but County Court's swift action and simple instructions to the jury also limited this prejudice. Accordingly, we do not find that defendant was deprived of a fair trial and, as such, the court's denial of defendant's motion was not an abuse of discretion (see People v Turcotte, 124 AD3d 1082, 1084 [2015], lv denied 25 NY3d 1078 [2015]; People v Newkirk, 75 AD3d at 856).
Likewise, County Court properly declined to discharge the jury as deadlocked and declare a mistrial. "The decision to declare a mistrial [based upon a deadlocked jury] necessarily rests in the broad discretion of the [t]rial [court, which] is best situated to take all the circumstances into account and determine whether a mistrial is in fact required in a particular case" (Matter of Plummer v Rothwax, 63 NY2d 243, 250 [1984] [citations omitted]; see People v Wilson, 163 AD3d 1049, 1050-1051 [2018]). Among the factors that the court should consider are "the length and complexity of the trial, the length of the deliberations, the extent and nature of the communications between the court and the jury, and the potential effects of requiring further deliberation" (Matter of Plummer v Rothwax, 63 NY2d at 251; accord People v Wilson, 163 AD3d at 1051).
During deliberations, County Court received a note that indicated that the jury was unable to agree on a unanimous verdict. Without objection from either party, the court subsequently provided the jury with an Allen charge, after which deliberations continued. Thereafter, another note was received, stating that "after continued deliberation[,] we remain at impasse and believe it [is] highly unlikely we can achieve a unanimous decision." The court conferenced with the parties, at which time defendant argued that the jury was given enough time and, as such, a mistrial was appropriate. The court, however, expressed that, although the jury had been deliberating for nine hours over the course of two days, the jury had not indicated that it was "hopelessly deadlocked" and that it was appropriate for the court to poll the individual jurors to determine whether further deliberation might lead to a unanimous decision. During a brief 30-minute recess to allow the attorneys to confer with their superiors, the court received another note stating that the jury had reached a unanimous verdict. Given these circumstances, despite the jury having deliberated for approximately nine hours and twice expressing its inability to reach a unanimous decision, we do not find that it was an abuse of discretion for the court to refuse to declare a mistrial because, as is clear from the jury reaching a verdict such a short time later, the jury was not deadlocked (see People v Hardy, 26 NY3d 245, 251-252 [2015]; Matter of Plummer v Rothwax, 63 NY2d at 250-251).
Finally, we are unpersuaded that County Court's imposition of the maximum allowable sentence was harsh or excessive. It is evident from the record that the court considered many factors in imposing the maximum sentence, including the danger in which defendant placed the unarmed victim and innocent bystanders when he fired seven shots from a gun that he illegally possessed at or near her on a public street in broad daylight. The court also considered [*2]defendant's personal and family history, expressly noting his complete lack of remorse and regret as well as his failure to accept responsibility (see People v Brown, 281 AD2d 700, 702 [2001], lv denied 96 NY2d 826 [2001]). We find no merit in defendant's unsupported contention that the court improperly considered, as an additional aggravating factor, defendant's membership in a gang. Nor do we agree that it was error for the court to consider a statement made by defendant, in the absence of a Miranda warning, to a correction officer during the jail intake process regarding defendant's gang affiliation. Despite defendant's contention to the contrary, even if such a statement were to be subject to suppression, the court could still consider it at the time of sentencing (cf. People v Brown, 281 AD2d at 702; People v Smith, 272 AD2d 713, 716 [2000], lv denied 95 NY2d 871 [2000]; People v Mancini, 239 AD2d 436, 436 [1997], lv denied 90 NY2d 907 [1997]). Therefore, in the absence of an abuse of discretion or extraordinary circumstances, we decline to disturb defendant's sentence (see People v Ash, 162 AD3d 1318, 1323 [2018], lv denied 32 NY3d 1002 [2018]; People v Nunez, 160 AD3d 1227, 1230 [2018]).
Garry, P.J., Egan Jr., Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.